815 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In Re BRYN MAWR APARTMENTS OF YPSILANTI, LTD., a Michigan
Limited Partnership, Debtor,
James McTEVIA, Trustee of Bryn Mawr Apartments of Ypsilanti,
LTD., a Michigan Limited Partnership, Plaintiff-Appellee,
v.
Thomas CAPE, Edward Jensen, Bryn Mawr of Marshall,
Defendants-Appellants.
 No. 85-1975.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1987.
 
 Before LIVELY, Chief Judge and JONES and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants appeal the district court's denial of their motions to reinstate appeal and requesting stay of proceedings. Because we do not believe that the district court abused its discretion in dismissing the appeal for want of prosecution, we affirm its denial of the motions.
 
 
 2
 In 1979, Bryn Mawr Apartments of Ypsilanti, Ltd. filed a voluntary Chapter 11 petition for bankruptcy. Thomas Cape was appointed debtor-in-possession by the bankruptcy court. As debtor-in-possession, Cape was restricted by the bankruptcy court from making any payments other than those necessary for the day-to-day operation of the business. In 1982, a court-appointed examiner determined that Cape had violated his duties as debtor-in-possession in the course of transferring estate funds to himself and others. Consequently, the bankruptcy court appointed a trustee for the bankruptcy estate. This trustee initiated an adversary proceeding against Cape and others, alleging that they had received voidable transfers from the estate. Following a hearing, the bankruptcy court held that the defendants had received voidable transfers from the estate. Following a hearing, the bankruptcy court held that the defendants had received voidable transfers, and ordered the defendants to return a total of $261,333.
 
 
 3
 Defendants filed a notice of appeal from the bankruptcy court's order on May 14, 1984. The district court notified the attorneys that the records were received on August 6, 1984. Under Bankruptcy Rule 8009(a)(1), the appellants then had fifteen days in which to file their brief. When no brief or motion for extension of time for filing a brief had been filed by October 4, 1984, the appellee filed a motion to dismiss the appeal. The district court set up a briefing schedule and an oral argument date for appellee's motion to dismiss. The response to the motion was due by October 19, 1984, and argument was to be on October 29. The order setting up this schedule stated that if the non-moving party failed to respond in some way by October 19, the motion to dismiss would be considered to be unopposed. Although the district court's docket sheet does not reflect that a timely response was filed, the response brief date-stamped October 19 by the district court clerk's office has been filed with this court. This brief explained that defendants had missed the August deadline due to confusion caused by substitution of counsel. The docket sheet shows no decision on the October motion to dismiss.
 
 
 4
 On November 9, 1984, the appellants filed a motion for extension of time for filing an appellate brief. The basis for this motion was that the court reporter had erased a portion of the trial testimony and appellants were unable to locate exhibits allegedly needed to reconstruct the missing testimony. The parties stipulated on November 15, 1984, that the appellants would have fifteen days from the settlement of the record below to file their brief on appeal, and the district court entered an order in accordance with that agreement.
 
 
 5
 At some point before February 6, 1985, the district court appears to have asked the defendants/appellants to submit a status report regarding their efforts to reconstruct the record. Appellants replied in a letter suggesting that they were having difficulties in obtaining the exhibits needed to reconstruct the erased testimony. They intimated that the exhibits might never be located.
 
 
 6
 When nothing further had been submitted by appellants six months later, the district court, on August 2, 1985, sent out another briefing schedule and set a date for oral argument. The appellants' brief was to be filed by August 19, 1985. The order setting forth the schedule stated:
 
 
 7
 If the appellant does not file a brief in support of the appeal by the date specified above, or obtain from the court an extension of time within which to file said brief, after written motion and for just cause, the appeal shall be dismissed.
 
 
 8
 J.App. at 50. Appellants contend that rather than filing the required motion for extension of time, they called the judge's law clerk on August 13 and were told that the briefing schedule would be vacated. No order reflecting this alleged change was entered. Appellants concede that the judge's law clerk called them back on August 16, but they allege that she only said something to the effect that appellants were mistaken in their belief that the next step was up to the parties. The law clerk supposedly indicated that the district court would issue an order regarding the appeal in the next week, but she would not reveal what the order was. Appellants appear to have done nothing in response to this rather mysterious conversation of August 16.
 
 
 9
 When nothing had been filed by appellants on August 19, the district court dismissed the appeal without prejudice for failure to prosecute. The order of dismissal apparently went to appellants' former counsel. Therefore, not knowing that their delay had already led to their appeal's dismissal, appellants filed on August 26 a motion to stay proceedings for substitution of counsel. Upon learning that the appeal had been dismissed, appellants filed a motion to reinstate appeal and a motion for stay of proceedings. A hearing was held, and the motions were denied.
 
 
 10
 We may review the district court's refusal to reinstate the appeal only for abuse of discretion. See Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962). In the case before us, the district court indicated that dismissal was based on undue delay in reconstructing the trial record and the consequent failure of appellants to meet the deadlines of the briefing schedules. Appellants contend that the dismissal took place without notice and in the face of an order permitting them whatever time was necessary to reconstruct the record. We disagree.
 
 
 11
 The district court dismissed the appeal pursuant to E.D.Mich.R.
 
 
 12
 Subject to the provisions of Rule 23(e) Federal Rules of Civil Procedure, in each cause pending wherein it appears that the Court lacks jurisdiction over the subject matter or that no action has been taken by a party for a reasonable period of time, the Court may, on its own motion or upon application of any party and after reasonable notice, enter an order dismissing such cause unless good cause for the inaction is given.
 
 
 13
 This local rule is not clear regarding the district court's duty to give notice before dismissing an action sua sponte. However, even if notice is required, it was given in this case. First, notice of the consequences of failure to file a brief was contained in the briefing schedule sent to the attorneys on August 2, 1985. Moreover, the notice specified that the time for filing a brief could be extended only by "written motion." Thus, even if the law clerk and the appellants had agreed over the phone to vacate the schedule, the appellants should have realized the necessity of filing a written motion to extend the time for filing their brief. Reliance on an ex parte phone conversation with a judge's clerk is not justified. Second, the order entered on August 19 dismissing appellant's appeal was without prejudice. Thus, it was akin to a "show cause" order, allowing appellants to demonstrate in their motion to reinstate why they had failed to meet the briefing deadline.
 
 
 14
 Although the district court had in late 1984 allowed appellants time to reconstruct the record before they had to file their briefs, the scheduling order sent out in August 1985 was an indication that the court had given all the time it thought was necessary to reconstruct the record. Thus, at that time appellants were obligated to proceed with or without every page of the trial transcript.
 
 
 15
 Appellants set forth a number of actions which they believe would have been more appropriate for the district court to take. First, they should have had an opportunity to show cause for their delay. Second, they could have been required to complete the reconstruction within a limited time. Third, the appeal could have proceeded with the unreconstructed record. These are indeed good suggestions, but the district court, in effect, did all three. Appellants could have filed a motion to extend the time for briefing, setting forth their reasons for delay, but they failed to do so. Moreover, they were afforded a hearing on their motion to reinstate. By once again establishing a briefing schedule, the district court was indicating that appellants either must reconstruct the record by August 19 or the appeal would go forth on the unreconstructed record. Instead, the appellants did nothing.
 
 
 16
 Altogether, we believe that the district court allowed appellants ample opportunity to reconstruct the record. When appellants failed to reconstruct the record and ignored the judge's scheduling order, she acted within her discretion in dismissing the appeal. Therefore, she acted appropriately in refusing to reinstate the appeal.
 
 
 17
 Accordingly, we AFFIRM the district court.